**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SHINESTY, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> BHAMMOCK, LLC, a Pennsylvania limited liability company, <br><br> Defendant. | Case No. 2:26-cv-1929 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **JURY DEMAND** |

Plaintiff Shinesty, Inc. ("Plaintiff" or "Shinesty"), by and through its counsel, hereby asserts this Complaint against Defendant BHammock, LLC ("Defendant" or "BHammock") alleging as follows:

## INTRODUCTION

1. Shinesty seeks relief for violations of the Lanham Act.

2. Shinesty brings this lawsuit to protect the substantial goodwill that it has developed through nearly a decade of use of its distinctive BALL HAMMOCK mark for underwear, and to protect the rights and substantial goodwill more recently acquired in its BALL HAMMOCKS mark for underwear and in its BALL HAMMOCK mark for on-line retail store services (collectively, the "Shinesty HAMMOCK Marks"). The Shinesty HAMMOCK Marks have gained a reputation as being a source of high-quality goods.

3. The goodwill and reputation for quality that Shinesty has cultivated at great expense and effort through substantial use and promotion have been threatened by Defendant's actions. Defendant has used and continues to use the BHAMMOCK mark, which is confusingly

similar to the Shinesty HAMMOCK Marks, to sell competing goods to the same consumer market served by Shinesty. Unless Defendant is enjoined from using the BHAMMOCK mark, such use will cause consumer confusion and will cause irreparable harm to Shinesty.

4.      This action seeks injunctive relief, damages and other appropriate relief arising from Defendant's willful acts of trademark infringement and unfair competition

## THE PARTIES

5.      Plaintiff Shinesty, Inc. is a Delaware corporation with a principal place of business located at  6050 Washington St., Unit 130, Denver, Colorado 80216.

6.      On information and belief, Defendant BHammock, LLC is a Pennsylvania limited liability company with a principal place of business located at 499 Woodcrest Road, Wayne, Pennsylvania 19087.

## JURISDICTION AND VENUE

7.      This is an action for federal trademark infringement and unfair competition in violation of the Lanham Act (15 U.S.C. §§ 1114(a),1125(a)).

8.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (actions under the laws of the United States of America); 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and 28 U.S.C. § 1338(a), because this case involves a federal question arising under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051, et seq.

9.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is headquartered and incorporated in this judicial district, solicits and conducts business within this judicial district, and advertises and offers goods and services, which are the subject of the claims in this action, to customers and/or potential customers in this judicial

2

district and directly or through others has offered and sold its goods and services to customers in this judicial district, and such exercise of personal jurisdiction over Defendant comports with the laws of the Commonwealth of Pennsylvania and the constitutional requirements of due process.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this judicial district, maintains its principal place of business in this judicial district, is incorporated in this judicial district, and because a substantial part of the events or omissions giving rise to Shinesty's claims in this action occurred within this judicial district.

## FACTUAL ALLEGATIONS

### A.    Plaintiff Shinesty

11. Shinesty is a clothing and apparel company that sells several lines of clothing and apparel throughout the United States. One of Shinesty's most popular products is its line of underwear sold under and in connection with the marks BALL HAMMOCK and BALL HAMMOCKS.

12. Since at least as early as May 2017, and long prior to the acts alleged herein, Shinesty has been substantially exclusively and continuously engaged in selling and offering to sell its underwear under the distinctive marks BALL HAMMOCK and BALL HAMMOCKS in interstate commerce in the United States, including in the Commonwealth of Pennsylvania. Attached as **Exhibit A** are true and correct copies of examples of marketing materials (i.e., excerpts from its website and other ecommerce platforms) showing how Shinesty uses and has used its distinctive marks BALL HAMMOCK and BALL HAMMOCKS.

13. Shinesty owns U.S. Trademark Registration No. 5,882,183 for the mark BALL HAMMOCK for "Underwear, shorts, men's swimwear" in Class 25 (the '183 Registration). The

3

application that matured into the '183 Registration was filed on September 4, 2018, was registered October 15, 2019, and claims a first use anywhere date and a first use in commerce date of at least as early as May 12, 2017.  Attached as **Exhibit B** are true and correct copies of the '183 Registration and a printout from the U.S. Patent & Trademark Office (USPTO) Trademark Status and Document Retrieval (TSDR) website showing the status of the '183 Registration.

14.    Shinesty also owns U.S. Trademark and Service Mark Registration No. 7,873,996 for the mark BALL HAMMOCK for "Underwear; Boxer briefs; Boxer shorts; Men's underwear" in Class 25 and for "On-line retail store services featuring subscription boxes containing underwear; On-line retail store services featuring clothing, underwear, men's underwear" in Class 35 (the '996 Registration).  The application that matured into the '996 Registration was filed on March 3, 2021, was registered July 29, 2025, and claims a first use anywhere date and a first use in commerce date of at least as early as May 12, 2017 for the registered goods and at least as early as March 3, 2025 for the registered services.  Attached as **Exhibit C** are true and correct copies of the '996 Registration and a printout from the TSDR website showing the status of the '996 Registration.

15.    Shinesty also owns U.S. Trademark Registration No. 8,032,956 for the mark BALL HAMMOCKS for "Underwear; Boxer briefs; Boxer shorts; Men's underwear" in Class 25 (the '956 Registration).  The application that matured into the '956 Registration was filed on August 13, 2021, was registered November 18, 2025, and claims a first use anywhere date and a first use in commerce date of at least as early as August 18, 2025.  Attached as **Exhibit D** are true and correct copies of the '956 Registration and a printout from the TSDR website showing the

4

status of the '956 Registration (the '183 Registration, the '996 Registration, and the '956 Registration collectively, the "Registered HAMMOCK Rights").

16.    The Shinesty HAMMOCK Marks are all inherently distinctive, as evidenced by their registration on the USPTO's Principal Register. Under 15 U.S.C. § 1115, "Any registration issued under the Act of March 3, 1881, or the Act of February 20, 1905, or of a mark registered on the principal register provided by this chapter and owned by a party to an action shall be admissible in evidence and shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein."

17.    The '183 Registration has been registered for over five years and the mark BALL HAMMOCK that is the subject of the Shinesty's '183 Registration has been in continuous use on the registered goods for more than five consecutive years and is still in use. Under 15 U.S.C. § 1065 "the right of the owner to use such registered mark in commerce for the goods or services on or in connection with which such registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce, shall be incontestable." Shinesty's right to use the mark BALL HAMMOCK is therefore incontestable. Furthermore, Shinesty filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 with the USPTO on October 10, 2025, and the USPTO issued a Notice of Acceptance and Acknowledgement on January 16, 2026.

18.    Prior to Defendant's acts alleged herein, and as a result of advertising, extensive and widespread sales, and the care and skill exercised by Shinesty in rendering its underwear

under the Shinesty HAMMOCK Marks, and as a result of the uniform high quality of those goods, and the public's acceptance thereof, Shinesty's goods have acquired an excellent reputation, as well as celebrity. As a result, the Shinesty HAMMOCK Marks symbolize valuable goodwill that Shinesty has created throughout the United States for Shinesty's underwear.

**B.    Defendant BHammock**

19.    Defendant is a direct competitor to the Shinesty's underwear business, in that Defendant and Shinesty each offer for sale and sell pouch-style underwear to the same types of consumers and market and sell in the same channels of trade, including online.

20.    Defendant offers for sale and sells pouch-style underwear in connection with the BHAMMOCK mark, which directly competes against Shinesty's pouch-style underwear sold under the Shinesty HAMMOCK Marks.

21.    On July 22, 2025, Defendant filed U.S. Trademark Application Serial No. 99/295,628 in the USPTO, seeking registration of the mark BHAMMOCK, for "T-shirts; Hoodies; Sweatshirts; Sweat pants; Joggers being pants; Underwear; Boxer shorts; Socks; Tank tops; Windbreakers; Headwear; Bathing suits; Board shorts; Crew necks; Gym shorts" in International Class 25 ("Defendant's Application"). Defendant's Application was published for opposition in the Trademark Official Gazette on January 6, 2026.

22.    On January 23, 2026, Shinesty filed a Notice of Opposition against the registration of Defendant's Application with the USPTO's Trademark Trial and Appeal Board (TTAB), and an opposition proceeding has accordingly been initiated and is pending under TTAB proceeding no. 91304680. A true and correct copy of a printout from the TSDR website showing the current status of Defendant's Application, including basic information about the opposition proceeding, is attached as **Exhibit E**.

6

23.    By letter dated January 23, 2026, Shinesty warned Defendant of Shinesty's rights to the Shinesty HAMMOCK Marks and its Registered HAMMOCK Rights. The letter provided Defendant with copies of Shinesty's relevant registrations and demanded that Defendant cease and desist from its infringing actions that violate federal and state laws.

24.    On information and belief, Applicant began using the BHAMMOCK mark commercially for men's underwear in December 2025.

25.    Applicant cannot establish continuous, commercial use of the BHAMMOCK mark prior to September 4, 2018.

26.    Defendant uses the website [www.bhammock.com/](www.bhammock.com/) to market and sell pouch-style underwear in connection with the BHAMMOCK mark in the United States.  A true and correct copy of an excerpt from Defendant's website as of January 16, 2026 is attached as **Exhibit F**.

27.    On information and belief, Defendant, through its principal Kristoffer Reiter, is using the mark BHAMMOCK in other promotional and advertising media. True and correct copies of examples are attached as **Exhibit G**.

28.    On information and belief, Shinesty was using the Shinesty HAMMOCK Marks for underwear before Defendant began using the BHAMMOCK mark for underwear.

29.    Defendant has failed to comply with Shinesty's demands that it cease and desist from its infringing actions.

30.    Shinesty has not authorized, permitted, endorsed, sponsored, or licensed Defendant to use the Shinesty HAMMOCK Marks or any other mark owned by Shinesty for any goods or services.

## COUNT 1
## VIOLATIONS OF THE LANHAM ACT: FEDERAL TRADEMARK INFRINGEMENT

31.     Shinesty incorporates the allegations of the previous paragraphs as though fully set forth herein.

32.     The Registered HAMMOCK Rights evidence Shinesty's exclusive rights to use the marks reflected therein in connection with the goods and services identified therein.

33.     Shinesty commenced use of the Shinesty HAMMOCK Marks in interstate commerce in connection with underwear before Defendant commenced use of the BHAMMOCK mark. Shinesty's use of the Shinesty HAMMOCK Marks has been continuous since its first use.

34.     The goods and services offered by Defendant directly compete with, or are related to, Shinesty's goods and services.

35.     The BHAMMOCK mark is confusingly similar to Shinesty's HAMMOCK Marks.

36.     On information and belief, Defendant sells its goods and services in some of the same channels and to the same consumers as Shinesty.

37.     Without Shinesty's consent, Defendant has used the BHAMMOCK mark in connection with the sale, offer for sale, distribution, or advertising of its underwear.

38.     On information and belief, Defendant has engaged in its infringing activity despite having actual knowledge of Shinesty's ongoing and continuous use of its Shinesty HAMMOCK Marks.

39.     Defendant is not authorized by Shinesty to use the Shinesty HAMMOCK Marks, or any mark or imitation confusingly similar or that in any way represents or implies that Defendant and/or Defendant's goods and services are in any way associated with Shinesty.

40.     Defendant's use of the BHAMMOCK mark in connection with underwear constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41.     Defendant's use of the BHAMMOCK mark is likely to cause confusion, mistake, and/or deception in the marketplace as to the source or origin of Defendant's goods and/or services, and has falsely suggested that Defendant and/or Defendant's goods and/or services are sponsored by, connected to, or otherwise associated with Shinesty.

42.     As a direct and proximate result of Defendant's knowing, deliberate, and willful and/or reckless infringement of the Registered HAMMOCK Marks, Shinesty has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until Defendant's actions as alleged herein are enjoined.

43.     On information and belief, Defendant has engaged in the conduct described herein willfully, intentionally, knowingly, and in reckless disregard of the obvious and inevitable injurious consequences of this conduct to Shinesty. In using the BHAMMOCK mark, Defendant has a bad-faith intent to trade on and profit from Shinesty's hard-earned goodwill and reputation and to confuse and mislead the public.

44.     This is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT 2
## VIOLATIONS OF THE LANHAM ACT: UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

45.     Shinesty incorporates the allegations of the previous paragraphs as though fully set forth herein.

46.     Shinesty alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

9

47.     Each of the Shinesty HAMMOCK Marks is inherently distinctive as applied to Shinesty's clothing, including underwear and sales thereof, or in the alternative, has acquired distinctiveness prior to Defendant's acts alleged herein.

48.     Notwithstanding Shinesty's prior established rights in the Shinesty HAMMOCK Marks, upon information and belief, Defendant adopted and used the confusingly similar BHAMMOCK mark in interstate commerce in connection with the advertising, sale, and offering for sale of underwear.

49.     On information and belief, Defendant promotes its underwear in some of the same channels, and to the same consumers, as Shinesty.

50.     Without Shinesty's consent, Defendant has used the BHAMMOCK mark in connection with the sale, offering for sale, distribution or advertising of its underwear.

51.     On information and belief, Defendant has engaged in its infringing activity despite having actual knowledge of Shinesty's use of the Shinesty HAMMOCK Marks.

52.     Defendant's actions are likely to lead the public to conclude, incorrectly, that its goods originate with or are authorized by Shinesty, which will damage both Shinesty and the public.

53.     Defendant's activities have caused confusion or are likely to cause confusion among Shinesty's customers and potential customers.

54.     On information and belief, Defendant has advertised and offered its goods for sale using the BHAMMOCK mark with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and of trading on Shinesty's reputation and goodwill.

55.     Defendant's unauthorized use of the BHAMMOCK mark in interstate commerce as described above constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125(a) and is likely to cause consumer confusion, mistake, or deception.

56.     Defendant's activities have caused confusion or are likely to cause confusion among Shinesty's customers and potential customers.

57.     Defendant's unauthorized marketing and sale of its products in interstate commerce using the BHAMMOCK mark constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or connected with Shinesty, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 U.S.C. § 1125(a).

58.     As a direct and proximate result of Defendant's trademark infringement and acts of unfair competition, Shinesty has suffered and will continue to suffer loss of income, profits and goodwill, and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

59.     Defendant's activities are done with willful intent to cause confusion.

60.     Defendant's actions have caused and will continue to cause irreparable harm and damage to Shinesty.

61.     Defendant's trademark infringement and acts of unfair competition will cause further irreparable injury to Shinesty if Defendant is not restrained by this Court from further violation of Shinesty's rights. Shinesty has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Shinesty respectfully requests that the Court enter judgment in its favor and grant the following relief:

A. A judgment that Shinesty's Registered HAMMOCK Rights have been and continue to be infringed by Defendant in violation of 15 U.S.C. § 1114(a);

B. A judgment that the Shinesty HAMMOCK Marks have been and continue to be infringed by Defendant in violation of 15 U.S.C. § 1125(a);

C. A judgment that Defendant's use of the BHAMMOCK mark constitutes federal unfair competition and a false designation of origin in violation of 15 U.S.C. § 1125(a);

D. An award of Defendant's profits and Shinesty's damages in an amount to be proven at trial for trademark infringement of Shinesty's Registered HAMMOCK Rights under 15 U.S.C. § 1114(a);

E. An award of Defendant's profits and Shinesty's damages in an amount to be proven at trial for trademark infringement of the Shinesty HAMMOCK Marks under 15 U.S.C. § 1125(a);

F. An award of Defendant's profits and Shinesty's damages in an amount to be proven at trial for false designation of origin and unfair competition by use of the BHAMMOCK mark under 15 U.S.C. § 1125(a);

G. A declaration that Defendant's infringement and other wrongful acts herein alleged are deliberate, willful, and/or reckless in disregard of Shinesty's rights;

H.      An order that Defendant provide Shinesty with an accounting of any and all sales of goods and services that infringe the Shinesty HAMMOCK Marks;

I.      An award of monetary relief to Shinesty including damages sustained by Shinesty in an amount not yet determined;

J.      An award to Shinesty of Defendant's gross and net sales, revenues, and profits received or derived by Defendant or its affiliates from use of the BHAMMOCK mark, and/or an award of such other relief as may be available pursuant to 15 U.S.C. § 1117, and other applicable federal and state law.

K.      An order that Defendant deliver for impoundment and destruction any and all products, advertising, circulars, price lists, signs, banners, business stationary, prints, packages, labels, containers, freights, cartons, receptacles, wrappers, artwork, digital media, and other materials in their possession or custody or under its control bearing the BHAMMOCK mark, and/or an order of such other relief as may be available pursuant to 15 U.S.C. § 1118;

L.      A finding that this case is an "exceptional case" within the meaning of 15 U.S.C. § 1117(a);

M.      An award of treble damages to Shinesty, together with costs, interest, and reasonable attorneys' fees as permitted by 15 U.S.C. § 1117(a) and other applicable federal and state law;

N.      A permanent injunction enjoining and restraining Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in

privity or active concert or participation with any of them from using the BHAMMOCK mark, the Shinesty HAMMOCK Marks, or any other designation alone or in combination with other words or symbols, as a service mark, trademark, trade name component or otherwise, to market, advertise, distribute or identify Defendant's products and services where that designation would create a likelihood of confusion, mistake or deception with Shinesty's HAMMOCK Marks;

O.     Temporary, preliminary, and permanent injunctive relief from this Court under 15 U.S.C. §1116(a), prohibiting Defendant from engaging or continuing to engage in the unlawful or unfair business acts or practices described herein, including the unauthorized use of any trademark right of Shinesty; acts of trademark infringement; false designation of origin; unfair competition; and any other act in derogation of Shinesty's rights;

P.     An award to Shinesty of all damages, costs, disbursements, expenses, and attorneys' fees owed to it pursuant to the Lanham Act by reason of Defendant's deliberate, willful, conscious, and/or reckless infringement of Shinesty's intellectual property rights;

Q.     An award of pre-judgment and post-judgment interest as allowed by relevant law; and

R.     Such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Shinesty hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated:  March 24, 2026

*/s/ Trevor J. Cooney*
Trevor J. Cooney, Esq.
**ARCHER & GREINER, P.C.**
1025 Laurel Oak Road
Voorhees, NJ  08043
856-616-2681
tcooney@archerlaw.com

--and--

Thomas J. Romano, Esq.
Pro Hac Vice Forthcoming
**KOLITCH ROMANO DASCENZO
GATES LLP**
621 SW Morrison #1100
Portland, Oregon 97205
Tel.: 503-994-1650
Fax: 503-224-7329
tj@krdglaw.com

Counsel for Plaintiff, Shinesty, Inc.

231877371 v1